# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**LOUANN LOUCILLE RACZKOWSKI**,
    Plaintiff,

v.                                                                                                                            2:24-cv-1156-NPM

**COMMISSIONER OF SOCIAL SECURITY**,
    Defendant.

## ORDER GRANTING FEES

Without opposition, plaintiff Louann Loucille Raczkowski's requests a fee award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). On April 29, 2025, we granted an unopposed motion to remand and, pursuant to sentence four of 42 U.S.C. § 405(g), reversed the decision of the Commissioner and remanded the case. (Doc. 17). Final judgment in Raczkowski's was entered on April 30, 2025. (Doc. 18). She requests an award of $11,523.76.

Satisfaction of five conditions warrants an EAJA award: (1) plaintiff must file a timely application for attorney's fees; (2) plaintiff's net worth must have been less than $2 million dollars at the time the complaint was filed; (3) plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no

opposition by the Commissioner on eligibility grounds, all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The product of the lodestar carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Raczkowski's attorneys request $11,523.76 in attorney's fees for 45 hours worked. (Doc. 21 at 1-3). Specifically, the attorneys request rates of $251.84/hour

for 2024 and $256.25/hour for 2025. This reflects a reasonable number of hours at reasonable hourly rates given the record and issues in this case.

Accordingly, the unopposed motion for EAJA fees (Doc. 21) is **GRANTED**, and the clerk is directed to amend the judgment to include an award to Raczkowski of **$11,523.76** in attorney's fees. This award may be paid directly to plaintiff counsel if the United States Department of the Treasury determines that no federal debt is owed by Raczkowski.[1]

**ORDERED** on October 7, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

[1] Raczkowski filed a signed attorney's fees contract. (Doc. 21-2). Under the contract, she waived direct payment of the EAJA fees and assigned her rights to any EAJA fees to her attorney.